IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOBBY RAY COX,                    §
                                  §
          Plaintiff,              §
                                  §
V.                                §          No. 3:14-cv-2302-P-BN
                                  §
DISD,                             §
                                  §
          Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

### Background

On June 25, 2014, Plaintiff filed the instant complaint in which he alleges that he was not provided with any reason for the termination of his employment with Defendant. *See* Dkt. No. 3.

On preliminary review of the complaint, the Court found that additional facts were necessary to determine whether Plaintiff stated a claim cognizable in federal court. On July 2, 2014, a questionnaire was issued to Plaintiff to obtain the additional factual information. *See* Dkt. No. 8. Plaintiff was ordered to file his answers to the Court's questions by July 21, 2014. He was admonished that "[f]ailure to file answers to the questions may result in the dismissal of the complaint for failure to prosecute

pursuant to Fed. R. Civ. P. 41(b)." *See id.* at 1. Review of the docket sheet reflects that Plaintiff has failed to return answers to the Court's questions.

## Legal Standards

A district court has the authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Despite the warning that this case could be dismissed for failure to comply with the Court's order, Plaintiff failed to file answers to the Court's questions. Information regarding the facts underlying Plaintiff's complaint is necessary in order for this case to continue. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to comply with the Court's order.

Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003)

(dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009) (same).

### Recommendation

Unless Plaintiff files answers to the Court's questions within 14 days of the date of this recommendation, the Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff files answers to the Court's questions within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE